```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF INDIANA
                       HAMMOND DIVISION
```

BANK ONE, N.A.,                )
                               )
Plaintiff,                     )
                               )
vs.                            )   NO. 2:04-CV-139
                               )
DENNIS STREETER,               )
                               )
Defendant.                     )

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for Summary Judgment, filed by Plaintiff, Bank One, N.A. k/n/a JP Morgan Chase Bank, N.A. ("Bank One"), on January 18, 2005.  For the reasons set forth below, the Motion for Summary Judgment is **GRANTED IN PART AND DENIED IN PART.**

Plaintiff's Motion for Summary Judgment is **GRANTED** on the issue of liability, and the Clerk is **ORDERED** to **ENTER JUDGMENT** for Bank One on the issue of liability.  However, Plaintiff's Motion for Summary Judgment is **DENIED** on the issue of damages, and the parties are advised that the case **REMAINS PENDING** on this issue.


BACKGROUND

Bank One moves for summary judgment on all claims set forth in

its amended complaint for damages, filed on April 12, 2004.  Bank One asserts it is entitled to summary judgment because the undisputed material facts demonstrate that Defendant, Dennis Streeter, deposited three altered checks into his Bank One account, breaching non-disclaimable transfer warranties.  Bank One seeks compensatory damages, interest, and attorney's fees.

The following facts are either undisputed or reflect the evidence in the light most favorable to Defendant, as the party opposing the motion for summary judgment.  On August 20, 2003, Streeter deposited a check drawn by Economy Gas Company in the amount of $117,469.80 into his Bank One account.  (Am. Compl. ¶ 9.)  On August 22, 2003, Streeter deposited a check drawn by Newspaper Services of America in the amount of $137,374.08 into his Bank One account.  (Am. Compl. ¶ 10.)  Also on August 22, 2003, Streeter deposited a money order issued by Kroger in the amount of $100,447.05 into his Bank One account.  (Am. Compl. ¶ 21.)  Bank One credited Streeter's account $320,529.57 for these three deposits.[1]  (Cimperman Aff. ¶ 4.)  At this time, Bank One did not believe the checks had been altered.  (Cimperman Aff. ¶ 5.)

---

[1]The Court notes an apparent incongruity in the numbers.  Although the three checks in question total $355,290.93, Bank One claims it credited Streeter's account in the amount of $320,529.57.  It is unclear why Streeter's account was credited for an amount different than the total of the checks deposited.  This is another reason that summary judgment on the issue of damages is inappropriate.

After the deposits were made, Bank One received notice from the banks upon which the checks were drawn that the checks had been altered. (Cimperman Aff. ¶ 6.)

When Economy Gas Company originally issued its check, the payee was "B.P. Products." (Wolf Aff., p. 2.) The name of the payee was altered to "Dennis Streeter." (Wolf Aff., p. 2.) This alteration was made without Economy Gas Company's knowledge or consent. (Wolf Aff., pp. 1-2.)

When Newspaper Services of America originally issued its check, the payee was "N.Y. Times Co." (Hellman Aff., p. 1.) The payee was changed to "Dennis Streeter," and the alteration was made without the knowledge or consent of Newspaper Services of America. (Hellman Aff., pp. 1-2.)

When Kroger issued its money order, the initial payee was "SlimFast Foods Co." (Marshall Aff., p. 1.) The payee was altered to "Dennis Streeter," and made without Kroger's knowledge or authorization. (Marshall Aff., p. 1.)

Streeter asserts that he had a contract and the obligor under the contract delivered the three checks as partial payment under the contract. (Streeter Aff. ¶ 6.) It is undisputed that Bank One withdrew funds or revoked credits from Streeter's Bank One accounts in the amount of $105,828.41 after it learned about the altered checks. (Cimperman Aff. ¶ 7; Streeter Aff. ¶ 3.) Finally, Streeter

claims he had no reason to alter the checks.   (Streeter Aff. ¶ 5.)

DISCUSSION

The standards that generally govern summary judgment motions are familiar.  Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper only if it is demonstrated that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  *See Nebraska v. Wyoming*, 507 U.S. 584, 590 (1993); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  In other words, the record must reveal that no reasonable jury could find for the nonmovant.  *Karazanos v. Navistar Int'l Transp. Corp.*, 948 F.2d 332, 335 (7th Cir. 1991); *see also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986).  In deciding a motion for summary judgment, a court must view all facts in the light most favorable to the nonmovant.  *Anderson*, 477 U.S. at 255; *NUCOR Corp. v. Aceros Y Maquilas De Occidente*, 28 F.3d 572, 583 (7th Cir. 1994).

The burden is upon the movant to identify those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits," if any, that the movant believes "demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323.  Once the movant has met this burden, the nonmovant may not rest upon mere allegations but "must set forth

specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *Becker v. Tenenbaum-Hill Assocs., Inc.*, 914 F.2d 107, 110 (7th Cir. 1990); *Schroeder v. Lufthansa German Airlines*, 875 F.2d 613, 620 (7th Cir. 1989). "Whether a fact is material depends on the substantive law underlying a particular claim and 'only disputes over facts that *might affect the outcome* of the suit under governing law will properly preclude the entry of summary judgment.'" *Walter v. Fiorenzo*, 840 F.2d 427, 434 (7th Cir. 1988) (emphasis in original) (citing *Anderson*, 477 U.S. at 248).

"[A] party who bears the burden of proof on a particular issue may not rest on its pleading, but must affirmatively demonstrate, by specific factual allegations, that there is a *genuine* issue of material fact which requires trial." *Beard v. Whitley County REMC*, 840 F.2d 405, 410 (7th Cir. 1988) (emphasis in original); *see also Hickey v. A.E. Staley Mfg.*, 995 F.2d 1385, 1391 (7th Cir. 1993). Therefore, if a party fails to establish the existence of an essential element on which the party bears the burden of proof at trial, summary judgment will be appropriate.  In this situation, there can be "'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323.

<u>Bank One is Entitled to Summary Judgment on the Issue of Liability</u>

<u>Streeter Issued Warranties to Bank One</u>

Bank One argues that the transfer warranties as set forth in Indiana's Uniform Commercial Code dictate that Streeter is liable to Bank One for its damages stemming from the altered checks. In response, Streeter argues that: (1) he has not breached any warranty because he was the person entitled to enforce the instruments; (2) there is no evidence that the checks were altered by Streeter or that he had knowledge of any alteration; (3) Bank One failed to act within the statute of limitations; and (4) Bank One failed to give him proper notice.

Altered checks are governed by Indiana's Uniform Commercial Code ("UCC") Article 3, entitled "Negotiable Instruments," and Article 4, entitled "Bank Deposits and Collections." Ind. Cod §§ 26-1-3.1-101, *et seq.*, 26-1-4-101, *et seq.* Indiana Code section 26-1-3.1-416(a) states that "[a] person who transfers an instrument for consideration warrants to the transferee . . . that: (1) the warrantor is a person entitled to enforce the instrument . . . (3) the instrument has not been altered . . . ." Similarly, Indiana Code section 26-1-4-207(a) provides "[a] customer . . . that transfers an item and receives a settlement or other consideration warrants to the transferee . . . that: (1) the warrantor is a person entitled to enforce the item . . . (3) the item has not been altered . . . ." Both statutes provide

"[t]he warranties stated in subsection (a) cannot be disclaimed with respect to checks."  Ind. Code §§ 26-1-3.1-416(c), 26-1-4-207(d).

The undisputed evidence shows that Streeter issued these transfer warranties to Bank One when he transferred the Economy Gas check, the Newspaper Services check, and the Kroger money order to Bank One for consideration.  Streeter does not deny the general applicability of these warranties, and the Court finds that they apply to this case.

<u>Streeter Breached the Transfer Warranties Because
the Checks Had Been Materially Altered and He Was
Not Entitled to Enforce the Checks</u>

Bank One argues that Streeter breached the warranty of no material alteration.  "Alteration" is defined as "an unauthorized change in an instrument that purports to modify in any respect the obligation of a party."  Ind. Code § 26-1-3.1-407(a)(1).

Initially, Streeter argues that Bank One presented insufficient evidence that the instruments had been altered by Streeter, or that Streeter had any knowledge of any alteration.  He contends that the affiants of the Wolf affidavit and the Hellman affidavit did not have personal knowledge of the payee of the check.  Because of the alleged lack of foundation, Streeter argues that ¶ 1 of the Wolf affidavit and Hellman affidavit should be stricken.

Bank One replies that each affidavit submitted by Bank One (Kendra Wolf, Mary C. Hellman, and R. Marshall) was signed by an

-7-

authorized representative of the company that issued the check. After reviewing the affidavits at issue, the Court agrees with Bank One that each affidavit was submitted by an authorized representative of the company that issued the check in question.  Moreover, the affidavits establish that the checks were altered by someone without permission from the drawers.  Because each individual has attested, in a sworn affidavit, that the respective checks were altered without authorization, this Court refuses to grant Streeter's request to strike.

   Streeter also states that at most he was negligent in detecting any alterations in the checks, and that both Bank One and Streeter were not in a position to determine that the checks were altered. Essentially, Streeter argues that because he did not alter the checks himself or have knowledge of the alterations, he could not breach the transfer warranties.  Bank One correctly points out that there is no requirement that the party transferring the instrument either alter it or have knowledge of the alteration in order for the transfer warranty to be breached.  *See Garnac Grain Co. v. Boatmen's Bank & Trust Co. of Kansas City*, 694 F.Supp. 1389, 1395 (W.D. Mo. 1988). "Since there is no knowledge or notice requirement with respect to the material alteration warranties, the question of whether or not a party breached these warranties is simply a question of whether or not the checks were materially altered." *Id.*  The parties do not dispute the

materiality requirement, and it is clear that an alteration adding an alternative payee is a material alteration as the term is used in the UCC  *Id.* (citing UCC § 3-407 cmt. 1).

It is clear that Streeter breached the transfer warranty of material alteration.  He issued a non-disclaimable warranty to Bank One that the checks had not been altered.  Because there is unrefuted evidence that the checks were in fact altered by someone without authority from the drawers (whether that person was Streeter or someone else is immaterial), Streeter breached the warranty as a matter of law.

Bank One also argues that Streeter was not entitled to enforce the checks because he was not the proper payee of the instruments. Bank One contends that without endorsements of the intended payees, Streeter could not obtain good title to the checks.  *See Garnac Grain Co.*, 694 F.Supp. at 1395 ("Without the endorsement of the intended payees on the checks [the bank] could not obtain good title to the checks.").  Bank One argues that because the checks were altered without the endorsements of the intended payees, Streeter was not entitled to enforce the checks, and Streeter breached the warranty that he was entitled to enforce the instrument.

In response, Streeter baldly contends that he was the person entitled to enforce the instruments because the checks were delivered to him as partial payment on his contract.  (Streeter Aff. ¶ 6.)

Aside from Streeter's affidavit, he cites to nothing in the record or any other authority to support this assertion.  Nor does Streeter present any case law or authority for the proposition that if he did not alter the checks himself, he cannot be held liable for breach of warranty.

Streeter does not dispute that Bank One accepted the checks in good faith.  Indiana Code section 26-1-3.1-416(b) establishes that:

> A person to whom the [transfer warranties] are made and who took the instrument in good faith may recover from the warrantor as damages for breach of warranty an amount equal to the loss suffered as a result of the breach, but not more than the amount of the instrument plus expenses and loss of interest incurred as a result of the breach.

Consequently, because it is undisputed that the checks were altered and Streeter was not entitled to enforce the checks, the Court finds that Streeter breached the warranty of entitlement to enforce the checks.

### Bank One Complied With The Applicable Statute Of Limitations

Streeter asserts that Bank One's claims are barred because it failed to satisfy the applicable statute of limitations.  In support, Streeter posits that the statute of limitations for breach of warranty is 30 days, citing to Indiana Code sections 26-1-3.1-416(c) and 26-1-3.1-417.   (Def.'s Resp. in Opp. to Pl.'s Mot. for Summ. J., pp. 6-8.)

However, those provisions simply state that "[u]nless notice of a claim for breach of warranty is given to the warrantor within thirty (30) days after the claimant has reason to know of the breach and the identity of the warrantor, the liability of the warrantor . . . is discharged to the extent of any loss caused by the delay in giving notice of the claim." Ind. Code §§ 26-1-3.1-416(c), 26-1-3.1-417(e). The issue of timely notice may affect the amount of damages awarded, but the 30-day time limit for notice does not affect liability, and does not act as a statute of limitations for the filing of an action.

Rather, as Bank One sets forth, the statute of limitations for bringing a breach of warranty claim is three years following the accrual of the cause of action. *See* Ind. Code §§ 26-1-3.1-118(g), 26-1-4-111. It is clear that Bank One filed the instant suit within three years of when the cause of action accrued; therefore, Streeter's statute of limitations defense fails as a matter of law.

### Bank One Did Not Need to Give Notice of Nonpayment (Dishonor)

Streeter argues that he is not liable to Bank One for breach of the transfer warranties because Bank One failed to provide Streeter with timely notice of dishonor. Specifically, Streeter contends that Bank One failed to give notice of nonpayment by midnight of the banking day following the banking day on which Bank One received the returned check or notice from the non-paying bank. The C.F.R.

-11-

provides that "[i]f a paying bank determines not to pay a check in the amount of $2,500 or more, it shall provide notice of nonpayment such that the notice is received by the depositary bank by 4:00 p.m. (local time) on the second business day following the banking day on which the check was presented to the paying bank."  12 C.F.R. § 229.33(a). Also, "[i]f the depositary bank receives a returned check or notice of nonpayment, it shall send notice or give notice to its customer of the facts by midnight of the banking day following the banking day on which it received the returned check or notice, or within a longer reasonable time."  12 C.F.R. § 229.33(d).

In response, Bank One replies that it could not have provided Streeter notice of dishonor or nonpayment because the altered checks were not in fact dishonored.  A "check is dishonored if the payor bank makes timely return of the check or sends timely notice of dishonor or nonpayment. . . ."  Ind. Code § 26-1-3.1-502(b)(1).  In this case, the drawee banks did not fail to make timely payment to Bank One. Instead, it was months after the checks were presented for payment and were paid that the drawee banks notified Bank One of the alterations. (Cimperman Aff. ¶¶ 4, 6, 7.)  Streeter has presented no contrary evidence, and it is apparent from the record that the checks were not dishonored, but rather paid.  Therefore, it is clear that Bank One was not required to give Streeter notice of dishonor/nonpayment as a matter of law.

-12-

<u>Notice of a Claim for Breach of Warranty</u>

Streeter argues that he is not liable to Bank One under the transfer warranties because Bank One failed to notify Streeter of his breach of warranties within 30 days of Bank One receiving notice of the alterations.  Streeter attests that the *first* notice he received of the dishonor[2] of the three checks was a letter sent by Bank One on January 23, 2004.  (Streeter Aff. ¶ 4.)  It is uncontested that Bank One received notice of the unauthorized alteration of the Newspaper Services check on September 10, 2003.  (Steinbrunner Aff. ¶ 3.)  Additionally, Bank One received notice of the alteration of the Economy Gas Company check on November 18, 2003.  (Steinbrunner Aff. ¶ 9.)  Therefore, Streeter urges that he did not receive notification from Bank One of the breach of warranties within the requisite 30-day time period.

Bank One responds by arguing that it did indeed notify Streeter of his liability to Bank One for depositing the altered checks within 30 days of Bank One's notice of the alterations.  Timothy Steinbrunner, a Bank One investigator, attested that eight days after receiving notice of the Newspaper Services check, he had a telephone

---

[2]Although Streeter states in his affidavit that January 23, 2004, was the first time he received notice of "dishonor" from Bank One, in the interests of justice, the Court liberally construes this to be the first date Streeter alleges he received notice of the altered checks.  As discussed in the previous section of this order, Streeter's checks were never "dishonored."

conversation with Streeter, notified Streeter of the alteration, and told Streeter he would have to compensate Bank One for the loss. (Steinbrunner Aff. ¶ 5.) Bank One received notice of the alteration of the Economy Gas check on November 18, 2003. (Steinbrunner Aff. ¶ 9.) Steinbrunner also attests that on the same day Bank One received notice of the alteration of the Economy Gas check, November 18, 2003, he telephoned Streeter to discuss the unauthorized alteration, but Streeter did not return his telephone call. (Steinbrunner Aff. ¶ 10.) Finally, Bank One asserts that it did not have notice of the alteration of the Kroger check until after it filed its complaint on April 2, 2004. (Bank One's Reply Br. in Supp. of Mot. for Summ. J., p. 5.) Bank One believes it gave notice to Streeter in the form of an amended complaint filed on April 12, 2004. (*Id*.)

The conflicting affidavits of Streeter and Steinbrunner create a material issue of fact regarding when Bank One gave Streeter notice of the alterations. However, this disparity does not foreclose summary judgment on liability. Untimely notice does not affect the issue of liability, but rather the amount of damages. The relevant statutes provide that "[u]nless notice of a claim for breach of warranty is given to the warrantor within thirty (30) days after the claimant has reason to know of the breach and the identity of the warrantor, the liability of the warrantor . . . is discharged to the extent of any loss caused by the delay in giving notice of the claim."

-14-

Ind. Code §§ 26-1-3.1-416(c), 26-1-4-207(d). Thus, failure to give timely notice provides a possible set off to the amount of damages that Streeter must pay if Streeter can show Bank One failed to provide timely notice and that he suffered a loss which was caused by the delay. *See id.*

For the aforementioned reasons, this Court finds that Streeter breached the transfer warranties when he deposited the three altered checks into his Bank One account. He is liable for the breach of those warranties.

Summary Judgment Is Not Warranted On The Issue Of Damages

As to the issue of damages, Bank One's motion for summary judgment is denied. First, as discussed more thoroughly in the preceding section, there is an issue of material fact as to when Streeter received notice from Bank One of the altered checks. The time of notification could affect the amount of damages recoverable by Bank One. Even if Bank One was tardy with notification, Streeter must set forth evidence to demonstrate that he sustained a loss as a result of the delay. To date, Streeter has provided no evidence or argument to the Court on this issue.

Second, it is unclear whether attorney's fees are recoverable as a matter of law. Streeter insists the American Rule prevails, which does not recognize the award of attorney's fees to a prevailing party

unless a statute or agreement authorizes the award.  However, the comments to Indiana Code section 26-1-3.1-416 state that "[t]here is no express provision for attorney's fees, but attorney's fees are not meant to be necessarily excluded.  They could be granted because they fit within the phrase 'expenses * * * incurred as a result of the breach.'  The intention is to leave to other state law the issue as to when attorney's fees are recoverable."  Ind. Code § 26-1-3.1-416 cmt. 6.  Although Bank One has cited to several courts in other jurisdictions that have awarded attorney's fees in cases involving similar statutes and breach of warranties, Bank One cites to no Indiana law, and this Court was unable to locate any, on this subject.

Even if attorney's fees are recoverable under Indiana law, the amount recoverable is unclear.  Bank One states it seeks to recover attorney's fees which currently total $14,750, but believes the attorney's fees will increase to $18,750 to take the matter through judgment and to collect the judgment amount.  Finally, as noted earlier in this opinion, it is unclear how much Streeter's account was credited at the time he deposited the checks.  For all of these reasons, this Court **DENIES** Bank One's motion for summary judgment on the issue of liability.

CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Summary

Judgment is **GRANTED** on the issue of liability, and the Clerk is **ORDERED** to **ENTER JUDGMENT** for Bank One on the issue of liability. However, Plaintiff's Motion for Summary Judgment is **DENIED** on the issue of damages, and the parties are advised that the case **REMAINS PENDING** on this issue.  If both parties advise the Court that a settlement conference on the issue of damages may be beneficial, the Court is willing to schedule a settlement conference.


**DATED:  July 7, 2005**               **S/RUDY LOZANO, Judge**
                                       **United States District Court**